UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                        **REPORT and**
                                                 **RECOMMENDATION**
v.
                                                 11-CR-225-RJA-JJM
RONALD OHLSON,
                          Defendant.
_____

## INTRODUCTION

Defendant has moved to suppress physical evidence seized pursuant to a search

warrant issued by Hon. H. Kenneth Schroeder, Jr. on April 8, 2011 [11].  This motion, being

dispositive, has been referred to me by Hon. Richard. J. Arcara for a Report and

Recommendation [8]. Oral argument was held before me on November 3, 2011 [14].   For the

following reasons, I recommend that  defendant's motion to suppress be denied.

## BACKGROUND

Defendant is charged in a two-count indictment with receipt and possession of

child pornography, in violation of 18 U.S.C. §§2252A(a)(2)(A) and 2252A(a)(5)(B) [1].  These

charges arise from an investigation which included evidence seized from his residence at 8

Goade Park, Batavia, New York on April 14, 2011, pursuant to an April 8, 2011 search warrant

issued by Judge Schroeder.

The search warrant was supported by the April 8, 2011 affidavit of United States

Department of Homeland Security ("DHS") Special Agent Karen Wisniewski [11-1].  According

to SA Wisniewski, information was received on March 19, 2010 from the National Center for

Combating Pedophilia Online about a website offering access to images of child pornography.

Wisniewski Affidavit [11-1], ¶33.  A federal search warrant for the website was executed, which

identified IP addresses that accessed specific image files on the site.  Id., ¶¶40, 42. SA

Wisniewski identified three files containing images of child pornography that were accessed and

received by IP address 72.225.15.246 on March 19, 2010.  Id., ¶43.  An administrative subpoena

issued to Time Warner Cable on August 6, 2010 revealed that the subscriber for this IP address

was Kathy Bernard of 8 Goade Park, Batavia, New York.  Id., ¶44.  On March 8, 2011, the

United States Postal Service confirmed that Ms. Bernard was receiving mail at this address.  Id.,

¶46.

      Relying on Judge Arcara's recent decision in United States v. Coon, 2011 WL

1871165 (W.D.N.Y. 2001), defendant argues that the search warrant lacked probable cause

because it was stale. Schechter Affirmation [11], pp. 2, 4.[1]  According to defendant, the warrant

was so lacking in probable cause as to render the good faith exception inapplicable.  Id., p. 5.


## ANALYSIS

### A.    Probable Cause

      "[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not

take the form of de novo review.  A magistrate's 'determination of probable cause should be paid

great deference by reviewing courts.'"  Illinois v. Gates, 462 U.S. 213, 236 (1983).  "'[C]ourts

should not invalidate . . . warrants by interpreting affidavits in a hypertechnical, rather than

a common sense, manner.'"  Id.  "[S]o long as the magistrate had a 'substantial basis for . . .

---

[1]    The pages of Ms. Schechter's Affirmation [11] are mis-numbered. Therefore, my
references are not to the pagination as it appears in her submission.

concluding' that a search would uncover evidence of wrongdoing, the Fourth Amendment

requires no more." Id.  Probable cause "does not demand certainty but only a '*fair probability*'

that contraband or evidence of a crime will be found."  United States v. Gaskin, 364 F.3d 438,

457 (2d Cir. 2004), cert. denied, 544 U.S. 990 (2005) (emphasis added).

       "Two critical factors in determining whether facts supporting a search warrant are

stale are the age of those facts and the nature of the conduct alleged to have violated the law."

United States  v. Ortiz, 143 F.3d 728, 732 (2d Cir.), cert. denied, 525 U.S. 910 (1998).  "[W]hen

the supporting facts present a picture of continuing conduct or an ongoing activity, the passage of

time between the last described act and the presentation of the application becomes less

significant." Id.

       In Coon, authorities downloaded a video depicting child pornography from a

certain IP address on April 11, 2008. 2011 WL 1871165 at *1.  A subpoena to the internet

provider revealed the subscriber for this IP address and that the account was opened in February

2008 and closed in August 2008.  Id.  A public records check confirmed that the subscriber still

resided at the address provided by internet provider.  Id., at*2.  Nearly one year after the child

pornography had been discovered, authorities obtained a search warrant on March 31, 2009.  Id.

       Repeatedly noting that it was "a very close case",  Judge Arcara concluded that

probable cause was lacking because the "agents were aware of . . . only one image containing

child pornography that . . . had been downloaded almost a full year before the search warrant was

issued and . . . no other circumstances to confirm the likelihood that the computer or child

pornography would still be at the residence nor . . . evidence from which to infer hoarding of

child pornography".  Id, *4.  Notwithstanding his determination that probable cause was lacking,

Judge Arcara denied the suppression motion, concluding that the good faith exception applied because "the information was no so stale as to negate any objectively reasonable reliance upon the warrant by the officers." Id., *6.

As in Coon, in this case approximately a year had passed between the evidence of criminal activity and the issuance of the search warrant. However, in contrast to Coon, the search warrant application here provided probable cause to conclude that child pornography would still be located at the residence. "Courts recognize that experience and training may allow a law enforcement officer to discern probable cause from facts and circumstances where a layman might not." Gaskin, 364 F.3d at 457. Here, SA Wisniewski opined "[b]ased on [her] previous investigative experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom [she] ha[s] had discussions" that individuals who receive multiple images of child pornography often have a sexual interest in children or images of children and have common characteristics, including that they "typically retain pictures, films, photographs, . . . and videotapes for many years" and that their "collections are often maintained for several years and are kept close by, usually at the collector's residence" [11-1], ¶49.

This opinion is not novel. "The observation that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes is supported by common sense and the cases. Since the materials are illegal to distribute and possess, initial collection is difficult. Having succeeded in obtaining images, collectors are unlikely to quickly destroy them. Because of their illegality and the imprimatur of severe social

stigma such images carry, collectors will want to secret [*sic*] them in secure places, like a private residence." United States  v. Lamb, 945 F.Supp. 441, 460 (N.D.N.Y. 1996)(citing cases).

Judge Schroeder was entitled to rely upon SA Wisniewski's opinions concerning the retention practices of those with a sexual interest in children.  *See* United States v. Diaz, 303 F.Supp.2d 84, 91 (D.Conn. 2004) ("the warrant application submitted to search defendant's home contained statements regarding the retention practices of those who create or distribute pornographic videos, thereby mooting any possible issue that the information was stale"). Given SA Wisniewski's opinion that those with a sexual interest in children or images of children tend to retain images of children, her affidavit provided sufficient probable cause, based upon the three files of child pornography accessed, that the subscriber fit within this class of individuals.

In contrast to this search warrant application, the search warrant application in Coon (10-Cr-110 (RJA)(HBS) [19-2]) lacked any allegation that the defendant would  retain child pornography for a prolonged period of time.  In fact, Judge Arcara expressly rejected the government's suggestion that he infer that the defendant collected or hoarded child pornography, distinguishing the Government's position from cases in which such evidence was expressly present, including United States v. Martin, 426 F.3d 68 (2d Cir. 2005), where the "Second Circuit found probable cause for a search warrant based *inter alia* upon an affidavit that 'described the characteristics and proclivities of child-pornography collectors, specifically how they tend to collect such material, store it, and rarely destroy or discard it'".  Coon, 2011 WL 1871165 at *3 (*quoting* Martin, 426 F.3d at  74-75).

**B.    Good Faith Exception**

"Officers cannot reasonably rely on a warrant issued on the basis of an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" United States v. Clark, 638 F.3d 89, 103 (2d Cir.2011) (*quoting* United States v. Leon, 468 U.S. 897, 923 (1984)).  "Such a concern most frequently arises when affidavits are bare bones, *i.e.*, totally devoid of factual circumstances to support conclusory allegations", Clark, 638 F.3d at 103, whereas "[a]t the opposite end of the spectrum are cases in which a defective warrant issued based on an affidavit providing detailed factual allegations in support of probable cause", which "almost invariably demonstrate reasonable reliance." Id.

Even if my determination that the search warrant was supported by probable cause is determined to be erroneous.  I would conclude (as did Judge Arcara in Coon) that the warrant was not so facially deficient that the executing officers could not have reasonably presumed it to be valid.  "[P]recisely when probable cause became lacking is a judicial determination upon which reasonable minds can differ." Coon, 2011 WL 1871165 at * 6.

Defendant's arguments do not compel a different result.  He  argues that SA Wisniewski's role as being in charge of DHS's Buffalo Office and her connection to the Coon search warrant put her on notice of these deficiencies, thereby negating reliance on the good faith exception.  Schechter Reply Affirmation [13], p. 3.[2]  Significantly,  Judge Arcara's decision in Coon was not issued until *after* SA Wisniewski submitted the search warrant.  Nonetheless, even

---

[2]        This affirmation is also incorrectly paginated.  My references are to the correct pagination.

if the issues in <u>Coon</u> were apparent to SA Wisniewski throughout, it is evident that she attempted to address the deficiencies that plagued the search warrant in <u>Coon</u>.

Defendant also argues that "[a] hearing is necessary to examine whether the government has met it burden of demonstrating good faith."  Schechter Reply Affirmation [13], p. 3.  Even if there was a question as to whether the good faith exception applied (which there is not), "[t]he burden is on the government to demonstrate the *objective* reasonableness of the officers' good faith reliance on an invalidated warrant."  <u>Clark</u>,  638 F.3d  at 100 (emphasis added).  Therefore, I conclude that an evidentiary hearing  would be unnecessary.


## CONCLUSION

For these reasons, I recommend that defendant's motion to suppress physical evidence [11] be denied.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by December 5, 2011 (applying the time frames set forth in Fed. R. Crim. P. 45(a)(1)(C), 45(c), and 59(b)(2)).  Any requests for extension of this deadline must be made to Judge Arcara .  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".   <u>Wesolek v. Canadair Ltd.,</u> 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

 Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of this Court's

Local Rules of Criminal Procedure, "written objections shall specifically identify the portions

of the proposed findings and recommendations to which objection is made and the basis for

such objection and shall be supported by legal authority", and pursuant to Local Rule

58.2(a)(4), the objections must include "a written statement either (1) certifying that the

objections do not raise new legal/factual arguments, or (2) identifying the new arguments and

explaining why they were not raised to the Magistrate Judge".  Failure to comply with these

provisions may result in the district judge's refusal to consider the objection.


Dated: November 18, 2011

                                    /s/ Jeremiah J. McCarthy
                                    JEREMIAH J. MCCARTHY
                                    United States Magistrate Judge